# **Exhibit D**

**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------- X
UNITED STATES STEEL CORPORATION, ::::
NIPPON STEEL CORPORATION, and :::: Civil Action No.: 2:25-cv-15
NIPPON STEEL NORTH AMERICA, INC. :
:
Plaintiffs, :
:
vs.

CLEVELAND-CLIFFS INC., LOURENCO
GONCALVES, and DAVID McCALL

Defendants.
---------------------------------------------------------------- X

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

WHEREAS, on January 6, 2025, Plaintiffs United States Steel Corporation ("U. S. Steel"), Nippon Steel Corporation, and Nippon Steel North America, Inc. (together with Nippon Steel Corporation, "NSC") filed a Motion for a Preliminary Injunction;

WHEREAS, on [*], the Court held an evidentiary hearing on Plaintiffs' Motion for a Preliminary Injunction;

WHEREAS, upon consideration of the evidence presented at the hearing and the briefs submitted in connection therewith, the Court finds that: (i) Plaintiffs are likely to succeed on the merits of their claims that Defendants have violated Section 1 of the Sherman Act by entering into an agreement in restraint of trade to force a sale of U. S. Steel to Cleveland-Cliffs Inc. ("Cliffs") and obstruct any alternative transaction, including U. S. Steel's merger with NSC (the "Merger") (Count 1); violated Section 2 of the Sherman Act by conspiring to support Cliffs' efforts to acquire and maintain monopoly power in various steel markets through the implementation and performance of that agreement (Count 4); and tortiously interfered with U. S. Steel's and NSC's

contractual and prospective economic relations, including U. S. Steel's merger agreement (the "Merger Agreement") with NSC (Counts 8 and 9); (ii) Plaintiffs will suffer irreparable harm absent a preliminary injunction; (iii) the balance of the equities favors Plaintiffs; and (iv) the public interest weighs in favor of granting a preliminary injunction;

WHEREFORE, it is hereby ordered that Plaintiffs' Motion for a Preliminary Injunction is GRANTED as follows:

Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, or in active concert with them are hereby enjoined, individually, jointly, or with any third parties, from:

a. performing and continuing the agreement to force a sale of U. S. Steel to Cliffs and obstruct any other transaction, including the Merger;

b. pursuing a transaction with U. S. Steel in furtherance of such agreement, including through any coordinated action with the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (the "USW") to exclusively support a transaction with Cliffs (Compl. ¶¶ 77, 79, 85, 169);

c. engaging in any coordinated action among Defendants and the USW to seek to delay, hinder, or otherwise prevent the Merger, and with respect to Cliffs and/or Goncalves, engaging in efforts to attempt to (i) influence the USW to support only a Cliffs bid or (ii) prevent the USW from engaging with NSC (Compl. ¶¶ 60, 62, 66, 77, 79, 85, 169);

d. taking actions to interfere with the consummation or performance of the Merger Agreement, including by:

2

      i. soliciting NSC and/or U. S. Steel to terminate, abandon, or breach the Merger Agreement (Compl. ¶ 71);

     ii. contacting, directly or indirectly, U. S. Steel's investors concerning the Merger (Compl. ¶ 95);

    iii. seeking to delay or otherwise impede any regulatory review of the Merger (Compl. ¶¶ 184, 193); and

    iv. engaging in deceptive or misleading conduct regarding the Merger, including continuing to make the following false and/or misleading statements regarding the Merger:

        1. NSC's commitments to the USW do not include honoring all commitments in existing USW agreements and assuming all obligations under the Basic Labor Agreement between the USW and U. S. Steel (the "BLA") (Compl. ¶¶ 60, 92);

        2. NSC plans to shut down unionized plants, transfer production to non-union facilities, reduce U. S. Steel's unionized workforce, and import excess blast-furnace produced steel slabs from Japan, notwithstanding commitments to the contrary (Compl. ¶¶ 66, 70, 194); and

        3. NSC and U. S. Steel have not satisfied the successorship provisions of the BLA (Compl. ¶¶ 86-87)

e. denigrating or otherwise making threats about or concerning U. S. Steel's prospects if it does not transact with Cliffs, including but not limited to claiming that the USW will strike if the Merger were to be approved (Compl. ¶ 18); and

3

    f.  taking actions to limit U. S. Steel's ability to pursue strategic alternatives and to otherwise interfere with the prospective business relationship between U. S. Steel and NSC as well as other potential transaction parties, including by continuing to claim that because of the USW's exclusive support of a transaction with Cliffs (i) Cliffs is the only viable buyer of U. S. Steel (Compl. ¶¶ 50, 78, 84) and (ii) Cliffs and/or the USW have veto power to disallow the acquisition of U. S. Steel by any buyer other than Cliffs (Compl. ¶ 10).

This injunction shall be in effect until further order of the Court.

Dated: [*], 2025

                                                                 Marilyn J. Horan
                                                                 United States District Judge