**K&L GATES**

March 20, 2025

Thomas E. Birsic
thomas.birsic@klgates.com

T +1 412 355 6538
F +1 412 355 6501

**By CM/ECF**

Hon. Marilyn J. Horan
Joseph J. Weis, Jr. U.S. Courthouse
700 Grant Street, Room 8170
Pittsburgh, PA 15219

Re:    *United States Steel Corp., et al. v. Cleveland-Cliffs Inc., et al.*, No. 2:25-cv-15

Dear Judge Horan:

We write on behalf of United States Steel Corporation and jointly with counsel for Nippon Steel Corporation and Nippon Steel North America, Inc. (collectively "Plaintiffs"), in response to Defendants Cleveland-Cliffs and Lourenco Goncalves' (collectively "Cliffs") letter dated March 18, 2025 (Doc. No. 92).

This letter responds briefly and explains why none of the points raised have merit.

1.      Cliffs argues that the recent filing by the parties to the D.C. Circuit litigation may ultimately lead to a resolution that moots that proceeding and in turn this one and, thus, belies any need for expedition. This is not correct. As we have pleaded and briefed, Defendants are engaging in unlawful, anticompetitive conduct, which will persist "regardless of the outcome of the merger and regardless of the outcome of the D.C. [C]ircuit challenge." Mar. 12, 2025, Hearing Tr. at 50:7-12. Indeed, Plaintiffs raised at last week's argument the possibility of the parties negotiating an alternative transaction outside the scope of the transaction that President Biden blocked and with which Defendants will seek to interfere. *Id.* at 95:4-12.

2.      The parties have productively met and conferred on many aspects of discovery, including the categories of documents that would be produced upon the Court's order, and have prepared those documents for production, as the Court directed at the January 17 hearing. The specific language for a protective order is one of the few areas over which the parties have not reached agreement because Cliffs has insisted on a non-standard form of Confidentiality Order that would prevent the use of *non-confidential* (*e.g.*, public) documents in the D.C. Circuit proceeding, and would effectively treat all documents produced as confidential (even if they are not). Plaintiffs, by contrast, have proposed a standard Confidentiality Order, consistent with the Western District of Pennsylvania's form, that would protect any confidential materials. Should the parties fail to resolve this issue, Plaintiffs will bring the dispute to the Court's attention consistent with its Standing Order and Procedures on Civil Motion Practice, not via letter.

3.      Cliffs also requests that the Court take notice as supplemental authority a recent Fifth Circuit decision, *JSW Steel (USA) Inc.* v. *Nucor Corporation*, No. 22-20149 (5th Cir. Mar. 17, 2025) ("*JSW Steel*"). The decision is not supportive of Cliffs' arguments here. *First*, Cliffs claims

that the Fifth Circuit's decision supports its *Noerr-Pennington* argument, contending that the Fifth Circuit held that "even 'lockstep' petitioning activity cannot form the basis of antitrust liability under *Noerr-Pennington*." But Plaintiffs are not seeking to enjoin petitioning activity; we are seeking to enjoin an unlawful *agreement* that both predates the merger with NSC and will postdate any CFIUS decision regarding that merger. Doc. No. 84 at 18-19; Mar. 12, 2025, Hearing Tr. at 67. By contrast, as the Fifth Circuit noted, the *JSW* plaintiffs challenged a purported conspiracy that, in their own words, "*began* with petitioning conduct" and which involved the "fil[ing] [of] thousands of . . . objections" before a government agency. *JSW Steel* at 4, 7 (emphasis added). *Second*, Plaintiffs here have pleaded extensive direct and circumstantial evidence of an anticompetitive agreement under the Sherman Act, Doc. No. 84 at 27-34; Mar. 12, 2025, Hearing Tr. at 55–57, whereas the *JSW* plaintiffs alleged mere parallel yet *independent* refusals to deal and "unreasonable" inferences of conspiracy contradicted by their own allegations. *JSW Steel* at 9-10.

Plaintiffs will continue to promptly advise the Court of any further material developments.

Very truly yours,

Thomas E. Birsic, Esq.

CC:        All Counsel of Record (*via CM/ECF*)

2

March 20, 2025