**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7282**

WRITER'S EMAIL ADDRESS
**andrewrossman@quinnemanuel.com**

April 8, 2025

<u>VIA CM/ECF</u>

The Honorable Marilyn J. Horan
United States District Court Judge
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Courtroom 8A
Pittsburgh, PA 15219

      Re:     *U. S. Steel Corp. v. Cleveland-Cliffs Inc.*, No. 2:25-cv-00015 (W.D. Pa.)

Dear Judge Horan:

We write on behalf of Defendants Cleveland-Cliffs Inc. and Lourenco Goncalves (together, "Cliffs") to apprise the Court of recent developments concerning the proposed merger of Plaintiffs U.S. Steel and Nippon Steel (the "Merger") that is the subject of Plaintiffs' claims.

As the Court may be aware, on April 7, 2025, President Trump issued a memorandum directing CFIUS to "conduct a review of the acquisition of U.S. Steel by [Nippon]" to assist the President "in determining whether further action in this matter may be appropriate."[1]  The memorandum calls for a "de novo" review of the Merger, which will include an assessment of any "potential national security risks" associated with the transaction, and provides that the parties will have an "adequate opportunity … to respond to such concerns."[2]  By May 22, 2025, CFIUS shall submit a recommendation to the President "describing whether any measures proposed by the parties are sufficient to mitigate any national security risks identified by CFIUS."[3]

---

[1]  Presidential Memorandum Regarding Review of Proposed United States Steel Corporation Acquisition (Apr. 7, 2025), https://www.whitehouse.gov/presidential-actions/2025/04/review-of-proposed-united-states-steel-corporation-acquisition/.  A copy is attached hereto as Exhibit A.

[2]  *Id.* § 1(b).

[3]  *Id.* § 2.

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

The Honorable Marilyn J. Horan
April 8, 2025
Page 2

Also on April 7th, the Department of Justice filed a consent motion in the D.C. Circuit proceeding seeking to place that litigation in abeyance until June 5, 2025.[4]  The consent motion, joined by Plaintiffs here, notes that "[a]beyance is warranted because that administrative process has the potential to fully resolve petitioners' claims."[5]

These developments confirm that Plaintiffs' claims should be dismissed.  Plaintiffs' antitrust claims must fail because the fact that the success or failure of Plaintiffs' Merger depends on a future, de novo review by CFIUS and the President demonstrates that Plaintiffs cannot establish that Defendants caused an antitrust injury.  In short, whatever Defendants allegedly said or did about the proposed Merger in the past was not the cause of any competitive harm—especially given that any alleged harm is entirely speculative and will depend on government decisions that have not yet taken place.  *See* Dkt. 78 at 16-18; Dkt. 86 at 8-10.  Moreover, that Plaintiffs will presumably be able to consummate the Merger if the government permits it shows that Plaintiffs cannot establish tortious interference.  *See* Dkt. 78 at 19-23; Dkt. 86 at 13-15. And that the government is engaging in a de novo review confirms that the only thing Plaintiffs are trying to restrain by their proposed preliminary injunction (Dkt. 84-6) is Defendants' First Amendment rights to speak freely and to petition the government.  *See* Dkt. 78 at 2-10; Dkt. 86 at 3-7.  Finally, Plaintiffs' agreement to delay further proceedings in the D.C. Circuit action demonstrates that Plaintiffs' claimed need for expedition in this case is meritless.

Cliffs will be honored to answer any questions that would assist the Court.

Sincerely,

*/s/ Andrew J. Rossman*
Andrew J. Rossman

CC:        Steig D. Olson, Esq.
           Owen F. Roberts, Esq.
           Mario O. Gazzola, Esq.

Enclosure:  Presidential Memorandum Regarding Review of Proposed United States Steel Corporation Acquisition (Apr. 7, 2025), https://www.whitehouse.gov/presidential-actions/2025/04/review-of-proposed-united-states-steel-corporation-acquisition/.

           Consent Motion to Place Case in Abeyance (Doc. No. 2109679), *U.S. Steel Corp. v. Comm. on Foreign Inv. in the U.S.*, No. 25-1004 (D.C. Cir. Apr. 7, 2025).

---

[4]  Consent Motion to Place Case in Abeyance (Doc. No. 2109679), *U.S. Steel Corp. v. CFIUS*, No. 25-1004 (D.C. Cir. Apr. 7, 2025).  A copy is attached hereto as Exhibit B.

[5]  *Id.* at 4.