# K&L GATES

April 9, 2025

**By CM/ECF**

Hon. Marilyn J. Horan
Joseph J. Weis, Jr. U.S. Courthouse
700 Grant Street, Room 8170
Pittsburgh, PA 15219

Thomas E. Birsic
thomas.birsic@klgates.com

T +1 412 355 6538
F +1 412 355 6501

**Re:** *United States Steel Corp., et al. v. Cleveland-Cliffs Inc., et al.*, No. 2:25-cv-15

Dear Judge Horan:

On behalf of United States Steel Corporation and jointly with counsel for Nippon Steel Corporation and Nippon Steel North America, Inc. (collectively, "Plaintiffs"), we write in response to Defendants Cleveland-Cliffs Inc. and Lourenco Goncalves' (collectively, "Cliffs'") letter dated April 8, 2025 (Doc. No. 95). Cliffs wrote regarding President Trump's April 7 Presidential Memorandum and the Department of Justice's consent motion in the D.C. Circuit proceeding and incorrectly tried to tie those developments to this litigation.

While Cliffs is correct that the consent motion states that the renewed CFIUS review process may lead to a resolution of the D.C. Circuit litigation, that does not alter Plaintiffs' need for or entitlement to relief on the claims pending before this Court. This is demonstrated by the fact that Cliffs' letter merely restates the arguments it made at the motion to dismiss stage. *Compare* Doc. No. 95 *with* Cliffs' Br. at 2, 17–18, 21 (Doc. No. 78). Plaintiffs have already responded to those arguments in detail, and they remain meritless. Pls.' Opp. Br. at 14–18, 34–36, 38–40 (Doc. No. 84).

Specifically, Plaintiffs are seeking to stop an unlawful agreement between the Defendants and the USW that predated the emergence of NSC as a buyer, that remains in place now, and that will continue to exist regardless of what happens in D.C. Compl. ¶¶ 24, 197 (Doc. No. 1); Pls.' Opp. Br. at 1, 19 (Doc. No. 84); Mar. 12, 2025, Hr'g Tr. at 67:13–24. To be sure, the Presidential Memorandum validates the core claims that Plaintiffs raised in the D.C. Circuit. But Plaintiffs are still entitled to the relief they seek from this Court: an order enjoining that illegal agreement. As Plaintiffs have detailed, they have already incurred harm as a result of Defendants' unlawful interference with the merger, and Defendants have continued to interfere even during the pendency of this action. Indeed, in detailing why the harm to Plaintiffs was ongoing during the March 12 hearing, Plaintiffs explicitly raised the possibility that Defendants would use their illegal agreement to improperly interfere even in the event of developments in the D.C. Circuit. Mar. 12, 2025, Hr'g Tr. at 95:4-12, 21-25.

Notwithstanding Plaintiffs' entitlement to relief, Plaintiffs recognize that it would not be feasible for the parties to conduct the discovery necessary for a preliminary injunction hearing, and for the Court to hold a hearing and reach a decision, within the 45 days that President Trump provided

for CFIUS's *de novo* review of the merger. Therefore, out of respect for the Court's time and resources, Plaintiffs withdraw their request for expedited proceedings at this time. This withdrawal is made without prejudice to Plaintiffs' rights or claims, including Plaintiffs' right to renew their request for expedition in the future. If the merger were to be approved and consummated, the implications for Plaintiffs' claims, including their claims for damages and their claims not subject to Defendants' motions to dismiss, can be determined at that time.

Plaintiffs will continue to promptly advise the Court of any material developments.

Very truly yours,

Thomas E. Birsic, Esq.

    CC:    All Counsel of Record (*via CM/ECF*)