IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES STEEL CORPORATION, NIPPON STEEL CORPORATION, and NIPPON STEEL NORTH AMERICA, INC., <br> Plaintiffs, <br><br> v. <br><br> CLEVELAND-CLIFFS INC., LOURENCO GONCALVES, and DAVID McCALL, <br><br> Defendants. | Civil Action No. 2:25-cv-15-MJH <br><br> Hon. Marilyn J. Horan |

## NOTICE OF SUPPLEMENTAL PUBLIC INFORMATION IN SUPPORT OF DEFENDANTS CLEVELAND-CLIFFS INC. AND LOURENCO GONCALVES' MOTION TO DISMISS

Defendants, Cleveland-Cliffs Inc. and Lourenco Goncalves (together, "Cliffs"), submit a sampling of recent public articles (attached as Exhibits A-B) as supplemental public information relevant to the Video Status Conference to be held on July 23, 2025, ECF. No. 100, and Cliffs' Motion to Dismiss Counts 1, 4, 8, and 9, ECF No. 77. These articles demonstrate why the Complaint should be dismissed as moot.

On July 7, 2025, Nikkei Asia published an interview with Eiji Hashimoto, Chairman of Nippon Steel Corporation, in which Hashimoto discussed the closing of the U.S. Steel-Nippon transaction and Nippon Steel's plans to grow U.S. Steel. *See* Exhibit A (Nikkei Asia, "Interview with Eiji Hashimoto, Chairman of Nippon Steel," dated July 7, 2025). Hashimoto said that "[i]n terms of competition, our biggest rival is Cliffs" and that the new U.S. Steel is "going to take away Cliffs' market share." *Id.* at 8; *see also id.* at 7 (noting Nippon Steel's intention to "*[s]teal[] Cliffs' market share*").

On July 17, 2025, Hashimoto spoke to The Asahi Shimbun and discussed how Nippon Steel lobbied President Trump's administration to approve the U.S. Steel-Nippon transaction by

proposing a "golden" share.  *See* Exhibit B (The Asahi Shimbun, "Eiji Hashimoto: Nippon Steel chooses U.S., not China, to return to top of industry," dated July 17, 2025).  Hashimoto admitted that Nippon Steel proposed the idea of issuing a golden share to the Trump Administration and that he used the word "golden" because it was a "favorite" for President Trump.  *Id.*  ("**Q:** Who proposed issuing the golden share?  **A:** Nippon Steel did. It includes the word "golden," a favorite for Trump.").  Hashimoto also discussed plans to "expand its business" and "increase profits" in the United States following the closing of the merger by giving U.S. Steel access to its "cutting edge technologies" and investing capital in U.S. Steel's union and nonunionized mills.  *Id.* at 3 and 4.

Hashimoto's comments make clear that Plaintiffs' claims are moot.  Hashimoto has now openly admitted to doing the very thing Plaintiffs accused Cliffs of in their Complaint—using free speech to petition the government to close the transaction and using acquisitions to expand their market share. *See* ECF No. 1 at ¶¶ 19-20, 192 (allegations related to lobbying the Biden administration and CFIUS members to "oppose the Merger");  *id.*  at ¶ 159 (allegations related to Cliffs' "sizable gain in market share");  *id.* at ¶ 45 (allegations related to Cliffs increasing its "market share" through "unconstrained acquisitiveness").  Further, the fact that the merger closed means that none of the speculative harms that Plaintiffs alleged came to pass.  *See, e.g.*, ECF No. 1 ¶ 205 ("Absent relief, Defendants will continue to deter bidders and block Plaintiffs from challenging Cliffs' dominance and providing a competitive alternative to Cliffs in those markets."); *id.* ¶ 206 (same); *id.* ¶ 242 (same); *id.* ¶ 221 ("If Cliffs' conduct is allowed to continue, U. S. Steel will imminently suffer competitive injury, including by the denial of NSC's and other strategic partners' technology and capital, which promise to enhance and accelerate U. S. Steel's entry into and expansion in the relevant markets. NSC will imminently suffer competitive injury, including through their substantial foreclosure from competing in the relevant markets."); *id.* ¶ 234 (same); *id.* ¶ 269 ("NSC has suffered pecuniary loss in the form of being barred from expanding

its footprint and deprived of substantial profits that would result from the Merger."); *id.* ¶ 280 (same).

Dated: July 22, 2025

                                                Respectfully submitted,

                                     By:  */s/ William Pietragallo, II*

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN LLP** | **PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP** |
| Andrew J. Rossman (*pro hac vice*) | William Pietragallo, II (PA ID No. 16413) |
| Steig D. Olson (*pro hac vice*) | Peter St. Tienne Wolff (PA ID No. 208433) |
| Owen F. Roberts (*pro hac vice*) | Matthew R. Barnes (PA ID No. 328771) |
| Mario O. Gazzola (*pro hac vice*) | Quintin DiLucente (PA ID No. 330648) |
| 295 Fifth Avenue | One Oxford Center, 38th Floor |
| New York, NY 10016 | Pittsburgh, PA 15219 |
| (212) 849-7000 (Phone) | (412) 263-1818 (Phone) |
| (212) 849-7100 (Fax) | (412) 263-2001 (Fax) |
| andrewrossmann@quinnemanuel.com | wp@pietragallo.com |
| steigolson@quinnemanuel.com | mrb@pietragallo.com |
| owenroberts@quinnemanuel.com | psw@pietragallo.com |
| mariogazzola@quinnemanuel.com | qd@pietragallo.com |
| *Attorneys for Defendants Cleveland-Cliffs Inc. and Lourenco Goncalves* | *Attorneys for Defendants Cleveland-Cliffs Inc. and Lourenco Goncalves* |